# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAQUEL HOUSTON,

    Plaintiff,

v.

WYNN RESORTS,

    Defendant.

Case No. 2:06-CV-01502-KJD-GWF

**ORDER**

Presently before the Court is Defendant's Motion to Dismiss, or in the Alternative for a More Definite Statement (#4). Plaintiff filed a Request to File a Late Opposition and Opposition to the Motion to Dismiss (#8) which Defendant does not oppose. Therefore Plaintiff's request to file the opposition late is granted. Defendant filed a reply in support of its motion (#7/11).

Having read and considered the motion and good cause being found the Court grants it in part. While Plaintiff's allegations arising under the Family and Medical Leave Act of 1993 ("FLMA") are adequately pled, her state law claim for negligent hiring, training and supervision is so vague and conclusory that the Court cannot resolve Defendant's motion to dismiss this claim.

For example, Defendant argues that Plaintiff's state law claim must be dismissed because statutory rights (such as those that arise under the FMLA) do not create duties which, when breached, create a common law cause of action. See, e.g., Sands Regent v. Valgardson, 777 P.2d 898, 900

(Nev. 1989) (refusing to find that Nevada public policy against age discrimination creates an exception to the "at-will" employment doctrine); Carlson v. Rockwell Space Ops. Co., 985 F. Supp. 674, 691 (S.D. Tex. 1996), aff'd, 132 F.3d 1453 (5th Cir. 1997) (sexual harassment insufficient to state a claim for negligent hiring and supervision).  Plaintiff has failed to allege facts showing that a common law duty has been breached.   Furthermore a negligent hiring, training and supervision case requires that Plaintiff suffer a physical harm or injury, not mere economic loss.  See Blanck v. Hager, 360 F.Supp.2d 1137, 1157 (D. Nev. 2005).  Plaintiff has alleged that she suffered physical harm without alleging facts from which the Court could reasonably conclude that the harm was caused by Defendant's tortious behavior.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss, or in the Alternative for a More Definite Statement (#4) is **GRANTED in part and DENIED in part**;

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion for a More Definite Statement is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff file an amended complaint remedying the factual deficiencies in Plaintiff's second cause of action no later than fifteen (15) days after the entry of this order, or the second cause of action will be dismissed.

DATED this 27TH day of April 2007.

_____
Kent J. Dawson
United States District Judge